Aaron Kaufmann, SBN 148580
Elizabeth Gropman, SBN 294156
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169/ Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
egropman@leonardcarder.com

*Attorneys for PLAINTIFFS*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHULOOD ALEDLAH, MOHAMMED ALEDLAH, YOSEPH ALKAHLI, MOHAMMED ALMAZNAPI, PEYU LAPKOV, FRANCISCO SANCHEZ, and SAMER SWEIDAN,<br><br>               Plaintiffs,<br><br>       v.<br><br>S-L DISTRIBUTION COMPANY, LLC, a Delaware Company,<br><br>               Defendant. | CASE NO.  _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);**<br>(2) **UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);**<br>(3) **FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§226.7, 512);**<br>(4) **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS (Labor Code §§226.7, 1194);**<br>(5) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§226, 226.3);**<br>(6) **CALIFORNIA UNPAID OVERTIME COMPENSATION (Labor Code §§ 410, 1194,** *et seq.***, IWC Wage Order No. 1);**<br>(7) **VIOLATIONS OF UCL (Bus. & Prof. Code §17200** *et seq.***)** |

1      1.      Plaintiffs, Khulood Aledlah, Mohammed Aledlah, Yoseph Alkahli, Mohammed

Almaznapi, Peyu Lapkov, Francisco Sanchez, and Samer Sweidan, ("Plaintiffs") allege the

following for their complaint.

## I.      JURISDICTION

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332

because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between citizens of different states.

## II.      VENUE AND INTRADISTRICT ASSIGNMENT

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Counties

of Alameda, Contra Costa, San Mateo, and Santa Clara, and within the Division and Courthouse in

which this action has been commenced.

## III.      INTRODUCTION

4.      This is an action for relief from Defendant's misclassification of Plaintiffs as

"independent contractors." By misclassifying Plaintiffs as independent contractors, Defendant has

sought to avoid various duties and obligations owed to employees under California's Labor Code

and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify

employees for all expenses and losses necessarily incurred in connection with their employment

(Cal. Labor Code §2802; IWC wage order No. 1, §§ 8-9); the duty to provide off-duty meal periods

(Cal. Labor Code §§ 512, 226.7; IWC wage order No. 1, § 11); the duty to authorize and permit

paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC wage order No. 1, § 12); the duty to pay

overtime premium pay under California state law (Cal. Labor Code §, IWC wage order No. 1), and

other legal obligations.

## IV.      PARTIES

**A.**    **Plaintiffs**

5.      Plaintiff Khulood Aledlah resides in Berkeley, California (Alameda County). She

served as a driver for S-L from approximately early 2015 until June 2017. Throughout her tenure

as an S-L driver, Plaintiff Khulood Aledlah worked out of S-L's facilities located in Richmond,

California (Contra Costa County).  Plaintiff Khulood Aledlah drove a truck and standard passenger vehicles to carry out her duties for Defendant.

6.      Plaintiff Mohammed Aledlah resides in Berkeley, California (Alameda County). He drove for S-L from approximately August 2017 until September 2018.  Throughout his tenure as an S-L driver, Plaintiff Mohammed Aledlah worked out of S-L's facilities located in Richmond, California (Contra Costa County).  Plaintiff Mohammed Aledlah drove a truck and standard passenger vehicles to carry out his duties for Defendant.

7.      Plaintiff Yoseph Alkahli resides in San Pablo, California (Contra Costa County). He has served as a driver for S-L for approximately the past three years.  Throughout his tenure as an S-L driver, Plaintiff Alkahli has worked out of S-L's facilities located in Richmond, California (Contra Costa County).  Plaintiff Alkahli has driven a truck and standard passenger vehicles to carry out his duties for Defendant.

8.      Plaintiff Mohammed Almaznapi resides in San Francisco, California. He has driven for S-L since approximately May 2017. He works out of S-L's facilities in San Jose, California (Santa Clara County). Plaintiff Almaznapi drives a truck and standard passenger vehicle to carry out his duties for Defendant.

9.      Plaintiff Peyu Lapkov resides in Brentwood, California (Contra Costa County). He has driven for S-L since approximately 2004 or 2005. Throughout his tenure with S-L, he has worked out of S-L's facilities in Richmond, California (Contra Costa County). Plaintiff Lapkov has driven a small van, truck, and standard passenger vehicle to carry out his duties for Defendant.

10.      Plaintiff Francisco Sanchez resides in San Jose, California (Santa Clara County). He began as a driver for S-L in approximately January 1of 2017.  Throughout his tenure as an S-L driver, Plaintiff Sanchez has worked out of S-L's facilities located in San Jose, California (Santa Clara County).  Plaintiff Sanchez has driven a truck and standard passenger vehicles to carry out his duties for Defendant.

11.      Plaintiff Samer Sweidan resides in Burlingame, California (San Mateo County). He has served as a driver for S-L since approximately 2004.  For at least the last 10 years, Plaintiff

Sweidan has worked out of S-L's facilities located in Richmond, California (Contra Costa County). Plaintiff Sweidan drives a truck and passenger van to carry out his duties for Defendant.

**B.      Defendant**

12.      Defendant S-L Distribution Company, LLC is a Foreign Limited Liability Company formed in Delaware with its principal place of business in North Carolina.

**V.      STATEMENT OF FACTS**

13.      Defendant S-L Distribution Company, LLC ("S-L") is a "snack food wholesale distributor authorized to sell and distribute the Snyder's of Hanover and Lance brands of products and various other brands of snack products[.]" On its website, S-L describes itself as "a wholesale distributor of various snack food products manufactured by subsidiaries and affiliates of Snyder's-Lance, Inc.," and represents that it "provides wholesale distribution services to a variety of unrelated snack food companies known as Partner Brands to assist in a diverse portfolio of products for IDPs to grow their business."

14.      S-L relies on drivers such as Plaintiffs to deliver to and stock S-L's products at retail grocery store outlets. Plaintiffs carry out S-L's distribution work—that is, ordering, delivering, stocking, and merchandising S-L's products—and have been integral to the operations of S-L's core business. The work that Plaintiffs perform is part of the usual course of S-L's business.

15.      The distributor agreement ("Agreement") between Plaintiffs and S-L requires Plaintiffs to meet and comply with "the needs, policies, procedures, requests and requirements of [S-L's] customers." The Agreement mandates that Plaintiffs provide S-L's customers, and S-L, with a "planned schedule for the distribution of sale of Products" to the customers within the territory and "promptly adjust the schedule to meet the needs, policies, procedures and requirements of its customers." S-L controls the list of authorized products Plaintiffs may sell, the prices of those products, and the percentage of the sales price – i.e., the commission – S-L pays Plaintiffs per product. S-L has the discretion to remove authorized outlets from Plaintiffs' territories, for which they are not entitled to any compensation.

16.      S-L retains and exercises pervasive control over its distribution operations, including by retaining and exercising such control over Plaintiffs. S-L defines Plaintiffs' territories,

obtains the customers in need of service, controls what products are authorized for placement on its customer shelves, and has substantial control over the pricing of the products. Though the Agreement states that S-L will not supervise the distributors' work, S-L district sales managers frequently do in fact supervise Plaintiffs' work. District sales managers instruct Plaintiffs regarding what to order, ask where and when they will be servicing certain stores, and frequently check the customers' shelves. S-L has given Plaintiffs disciplinary warnings based on S-L's service expectations and issued breach letters for "out-of-stock." S-L has threatened to terminate Plaintiffs' Distributor Agreements in the event they do not comply with S-L's service expectations.

17.     S-L passes on the cost of its business to Plaintiffs. For example, S-L requires Plaintiffs to purchase product and assume ownership over it at the time it is received but does not allow them to return unsold product for a credit. S-L also charges Plaintiffs a Weekly Administrative Service Charge of $40 for "services, supplies, and lease of computer system." Plaintiffs are also responsible for the cost of operating their routes, including for all operating expenses and losses in using vehicles to service the routes, including fuel, repair, maintenance, insurance, and vehicle depreciation.

18.     Plaintiffs do not provide distribution services to companies unaffiliated with S-L. They do not solicit distribution work from companies unaffiliated with S-L and are not customarily engaged in independent distribution businesses.

19.     Plaintiffs regularly work six or seven days per week, and over 50 hours per week for S-L. Because of the nature of their work, they do not have the opportunity to take 30-minute off-duty lunch breaks. Nor are they provided with paid, off-duty rest periods of 10 minutes in length.

## VI.     DAMAGES

20.     As a direct, foreseeable, and proximate result of Defendant's conduct, Defendant owes Plaintiffs unreimbursed business expenses plus interest, repayment of unlawfully deducted wages plus interest, missed meal period compensation plus interest, missed paid rest period compensation plus interest, overtime premium pay and liquidated damages, statutory penalties, and attorneys' fees and costs, the precise amount of which will be proven at trial.

//

## VII.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**REIMBURSEMENT OF BUSINESS EXPENSES**
**(CAL. LABOR CODE § 2802)**

21.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

22.     While acting on the direct instruction of Defendant and discharging their duties for it, Plaintiffs have incurred work-related expenses. Such expenses include but are not limited to the weekly administrative service charge; fuel, maintenance, and other vehicle operating costs; vehicle depreciation; various forms of insurance; cellular telephones; and the costs of unsold product. Plaintiffs necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendant.

23.     Defendant has failed to indemnify or in any manner reimburse Plaintiffs for these expenditures and losses. By misclassifying Plaintiffs as "independent contractors," and further by requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience to Defendant's direction, Defendant has violated and continues to violate Cal. Labor Code § 2802.

24.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney fees for the prosecution of this action.

25.     Plaintiffs request relief as described below.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**
**(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 1)**

26.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

27.     Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

//

//

28.      Labor Code § 223 provides:  "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

29.      Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees.  These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

30.      IWC wage order No. 1, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

31.      These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

32.      Defendant has violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8 by unlawfully taking deductions from Plaintiffs' compensation to cover certain ordinary business expenses of Defendant, including but not limited to out-of-date snack items pulled from customers' stock, and shrink. Defendant also deducted a weekly service charge for services, supplies, and use and maintenance of the computer system.

33.      Because Defendant took unlawful deductions from Plaintiffs' compensation, it is liable to Plaintiffs for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8.

34.      By unlawfully deducting wages and failing to pay Plaintiffs, Defendant is also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

35.     Plaintiffs request relief as described below.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
**(CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 1)**

36.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

37.     Plaintiffs have regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1, § 11(A).

38.     Because Defendant failed to afford proper and timely meal periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 1, § 11(B).

39.     Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY EMPLOYEES FOR REST BREAKS**
**(CAL. LABOR CODE §§226.7, 1194 AND 1194.2, IWC WAGE ORDER NO. 1)**

40.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

41.     IWC Wage Order No. 1, §12(A), provides in pertinent part as follows: "Every employer shall authorize and permit all employees to take rest periods . . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

42.     Plaintiffs were compensated for delivering snack items based on Defendant's determination of a commission, and Plaintiffs were not separately compensated for taking duty-free rest periods.

//

//

//

43.     Plaintiffs were unable to deliver snack items and/or earn a commission while taking duty-free rest periods, and therefore were precluded from earning compensation during any time during which they managed to take a duty-free rest period.

44.     Defendant failed to authorize and permit Plaintiffs to take a ten-minute paid rest period for each four hours of work or major fraction thereof.

45.     Thus, Plaintiffs regularly worked in excess of three and a half hours a day without being provided at least one paid 10-minute rest period in which they were relieved of all duties, as required by Labor Code § 226.7, and IWC wage order No. 1, §12(A).

46.     Thus, Plaintiffs regularly worked in excess of six hours a day without being provided at least two paid 10-minute rest periods in which they were relieved of all duties, as required by Labor Code § 226.7 and IWC wage order No. 1, §12(A).

47.     Because Defendant failed to authorize and permit Plaintiffs compliant rest periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the compliant rest periods were not provided, penalties, and interest, pursuant to Labor Code §§ 226.7(b), and IWC wage order No. 1, §12(B).

48.     Plaintiffs request relief as described below.

### FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 1)

49.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

50.     Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

//

51.     Defendant knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B).  As a result, Defendant is liable to Plaintiffs for the amounts provided by Cal. Labor Code § 226(b) and for penalties, and attorneys' fees.

52.     Plaintiffs request relief as described below

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 1)

53.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

54.     Plaintiffs regularly worked over eight hours in a day and over 40 hours in a week while serving as S-L drivers, for which Defendant did not pay them overtime premium compensation.

55.     By failing to pay overtime compensation to Plaintiffs, as alleged above, Defendant violated Labor Code § 510 et. seq and IWC wage order No. 1, § 3.

56.     As a result of Defendant's unlawful acts, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

57.     Plaintiffs request relief as described below

### SEVENTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

58.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

59.     Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

60.     Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

//

61.     Beginning at an exact date unknown to Plaintiffs, but at least since approximately January 2016, Defendant improperly, fraudulently, and unlawfully classified its Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a.     failing to indemnify Plaintiffs for employment-related business expenses and losses;

b.     improperly and unlawfully making deductions from Plaintiffs' compensation because of the return out-of-date product, work-related expenses and losses not attributable to Plaintiffs' dishonest or willful act, or to the gross negligence of the Plaintiffs, as described above;

c.     failing and refusing to provide meal periods to Plaintiffs;

d.     failing to authorize and permit paid rest periods to Plaintiffs;

e.     unlawfully deducting money from wages owed to Plaintiffs;

f.     failing to provide accurate itemized wage statements to Plaintiffs;

g.     failing to pay overtime compensation to Plaintiffs;

h.     by intentionally, recklessly and/or negligently misrepresenting to Plaintiffs the true nature of their employment status.

i.     willfully and unlawfully misclassifying Plaintiffs as independent contractors in violation of California Labor Code § 226.8 & and IWC Wage Order No. 1;

62.     The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Cal. Business and Professions Code § 17200.

63.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continue to hold ill-gotten gains belonging to Plaintiffs. As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, compensation for missed meal periods and rest breaks. Defendant has profited from their unlawful, unfair, and/or fraudulent acts and

practices in the amount of those business expenses, improper deductions from compensation, meal and rest period compensation, and interest accrued by Plaintiffs.

64.     Plaintiffs are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, meal and rest period compensation, and interest since January 2012.

65.     Plaintiffs are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

66.     By all of the foregoing alleged conduct, Defendant has committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

67.     As a direct and proximate result of the unfair business practices described above, Plaintiffs have all suffered significant losses and Defendant has been unjustly enriched.

68.     Pursuant to Cal. Business & Prof. Code §17203, Plaintiffs are entitled to: (a) restitution of money acquired by Defendant by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) a declaration that Defendant's business practices are unfair within the meaning of the statute.

69.     Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

70.     Plaintiffs request relief as described below.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief as follows:

A.     A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

1.     Cal. Labor Code § 2802 by failing to indemnify Plaintiffs for all necessarily incurred business expenses and losses;

2.      Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 1, by making unlawful deductions from the compensation paid to Plaintiffs for ordinary business expenses and losses without a showing that the expenses and/or losses were due to Plaintiffs dishonest or willful act, or to their gross negligence;

3.      Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1 by failure to provide off-duty meal periods to Plaintiffs;

4.      Cal. Labor Code §§ 226.7 and 1194, and IWC wage order No. 1 by failure to authorize and permit paid rest periods to Plaintiffs;

5.      Cal. Labor Code § 226 and IWC wage order No. 1, § 7(B), by failing to provide Plaintiffs with itemized statements of total hours worked with each payment of wages;

6.      Labor Code §§ 510, 1194, *et seq*., and IWC wage order No. 1 by failing to pay proper overtime compensation to Plaintiffs;

7.      Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Plaintiffs for necessarily incurred business expenses, by requiring Plaintiffs to indemnify Defendant for ordinary business losses, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiffs, by failing to authorize and permit paid rest breaks and/or missed rest break compensation to Plaintiffs, by failing to provide Plaintiffs with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Plaintiffs; and by failing to pay Plaintiffs overtime premium pay;

B.      A declaratory judgment that Defendant's violations as described above were willful;

C.      An award to Plaintiffs of damages in the amount of necessarily incurred business expenses, amounts unlawfully deducted from wages, meal and rest period compensation, and interest thereon, subject to proof at trial;

D.      An award to Plaintiffs of statutory penalties because of Defendant's failure to provide Plaintiffs with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

E.      An order requiring Defendant to pay restitution of all amounts owed to Plaintiffs for Defendant's failure to reimburse for business expenses, amounts unlawfully deducted from wages,

failure to pay legally required meal and rest period pay, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

F.      An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802, and/or other applicable law; and

G.      An award to Plaintiffs of such other and further relief as this Court deems just and proper.


DATED:  January 10, 2020                    LEONARD CARDER, LLP


                              By: _/s/Aaron Kaufmann_____
                                  AARON KAUFMANN
                                  *Attorneys for PLAINTIFFS*