UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHULOOD ALEDLAH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S-L DISTRIBUTION COMPANY, LLC,<br><br>　　　　　　Defendant. | Case No. 20-cv-00234-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Khulood Aledlah ("Plaintiff") sues S-L Distribution Company, LLC ("S-L" or "Defendant") for alleged California state law wage-and-hour violations. (Dkt. No. 24.)[1] Now before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Dkt. No. 26.) After careful consideration of the parties' briefing the Court concludes that oral argument is unnecessary, *see* Civil Local Rule 7-1(b), vacates the hearing scheduled for June 11, 2020, and DENIES Defendant's motion.

**BACKGROUND**

**I.　The Parties**

Plaintiff is a California resident who "served as a driver for S-L from approximately early 2015 until June 2017," and "worked out of S-L's facilities located in Richmond, California." (Dkt. No. 24 at ¶ 5.)

Defendant is a Delaware corporation with its principal place of business in North Carolina. (*Id.* at ¶ 16.) It is "a snack food wholesale distributor authorized to sell and distribute the Snyder's

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 21.)

1  of Hanover and Lance brands of products and various other brands of snack products." (*Id.* at ¶ 17
2  (alteration and internal quotation marks omitted).)  Defendant "relies on drivers such as Plaintiff[ ]
3  to deliver and stock S-L's products at retail grocery store outlets." (*Id.* at ¶ 18.)

**II.    Complaint Allegations**

The gravamen of the complaint is that Defendant misclassified Plaintiff as an independent contractor in order to avoid Defendant's obligations to its employees under California law, thus violating certain provisions of the California Labor Code and Business & Professions Code. (*See* Dkt. No. 24 ¶ 4.)

**III.   Procedural History**

Plaintiff and six other since-dismissed plaintiffs filed the original complaint on January 10, 2020, bringing the following California state law claims against Defendant in federal court on the basis of diversity jurisdiction: (1) reimbursement of business expenses (California Labor Code § 2802); (2) unlawful deductions from wages (Labor Code §§ 221, 223, 400-410); (3) failure to provide meal periods (Labor Code §§ 226.7, 512); (4) failure to authorize and permit paid rest periods (Labor Code §§ 226.7, 1194); (5) failure to furnish accurate wage statements (Labor Code §§ 226, 226.3); (6) unpaid overtime compensation (Labor Code §§ 410, 1194, *et seq.*, IWC Wage Order No. 1); and (7) violation of California's unfair competition law ("UCL") (Business & Professions Code § 17200 *et seq.*).  (Dkt. No. 1.)  The plaintiffs filed a first amended complaint in February 2020, asserting the same seven claims but adding an additional, since-dismissed plaintiff. (*See* Dkt. No. 8.)  In April 2020, the parties stipulated to grant the plaintiffs leave to file a second amended complaint in order to add three since-dismissed plaintiffs.  (*See* Dkt. No. 22.)

The plaintiffs filed the second amended complaint on April 7, 2020.  (Dkt. No. 24.)  The complaint brings the same seven claims based on the same misclassification theory asserted in previous iterations.  On May 7, 2020, Defendant moved both to dismiss the complaint, (*see* Dkt. No. 26), and compel arbitration as to the claims asserted by the since-dismissed plaintiffs, (*see* Dkt. No. 28).  Thereafter the parties stipulated to a dismissal without prejudice as to all claims except the claims brought by Khulood Aledlah, because the other plaintiffs' claims were subject to binding arbitration.  (Dkt. No. 31.)  Thus, Khulood Aledlah is the sole remaining plaintiff in this

action.

## REQUEST FOR JUDICIAL NOTICE

Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When such materials "'are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). There are, however, "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

Here, Defendant requests judicial notice or incorporation by reference of the following documents: (1) April 2015 Agreement of Sale ("2015 Sale Agreement") between Saleh Saleh Aledlah and E&K Snaxs LLC ("E&K")[3] and Defendant, by which E&K purchased from Mr. Aledlah the exclusive distribution rights for S-L products in a specified territory; (2) April 2015 Distributor Agreement ("Distributor Agreement") between Defendant and E&K,[4] with related documents; and (3) July 2017 Agreement of Sale ("2017 Sale Agreement") between E&K[5] and Defendant, which terminated their business relationship. (Dkt. Nos. 27-1 – 27-3, Exs. 1-3.) Plaintiff opposes the request on the grounds that the documents are not incorporated by reference in the complaint, and are not otherwise proper subjects of judicial notice. (Dkt. No. 32 at 3.)

### A.   Judicial Notice Pursuant to Rule 201(b)

A court may take judicial notice of an "adjudicative fact" pursuant to the Federal Rules of Evidence, if that fact is one "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, under Rule 201 courts may "take judicial notice of matters of public record, but not of facts

---

[3] Defendant submits related documents with the 2015 Sale Agreement, including an "Intent to Purchase" between Saleh Aledlah and E&K that Plaintiff signed on behalf of E&K as the corporation's "Principal Officer/Guarantor." (*See* Dkt. No. 27-1, Ex. 1 at 5.)
[4] Plaintiff signed the Distributor Agreement on behalf of E&K, and contemporaneously signed a Personal Guaranty on behalf of E&K in favor of Defendant regarding the Distributor Agreement. (*See* Dkt. No. 27-2, Ex. 2 at 27-30.)
[5] Plaintiff signed the 2017 Sale Agreement on behalf of E&K as its Owner. (*See* Dkt. No. 27-3, Ex. 3 at 4.)

that may be subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted).

Defendant's request for judicial notice asserts that the proffered documents "are appropriate for judicial notice pursuant to [Rule 201(b)(2)] because they reflect true and correct copies of the Distribution Agreement and Agreements of Sale entered into between Plaintiff E&K Snaxs LLC (through Plaintiff Khulood Aledlah) and Defendant; no party can reasonably dispute those materials, and their accuracy cannot reasonably be questioned." (Dkt. No. 27 at 2.) The Court disagrees.

First, E&K is not a plaintiff in this action. Second, the private contractual agreements proffered by Defendant are not matters of public record. Third, the pertinent "fact" for purposes of the instant motion—a purported general release of claims against Defendant contained in the 2017 Sale Agreement—is subject to reasonable dispute. *See Corinthian Colls.*, 655 F.3d at 999 (noting that courts cannot "take judicial notice of facts favorable to [d]efendants that could reasonably be disputed"). Indeed, Defendant's reply in support of its motion to dismiss abandons its Rule 201 basis for judicial notice and substantively argues only that the Court must consider the documents because they are incorporated by reference in the complaint.

### B. Incorporation by Reference

Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks and citation omitted). Courts may also consider documents under the doctrine at the pleadings stage in "rare instances" where the complaint does not refer to the documents, but "the claim[s] necessarily depend[ ] on them." *Khoja*, 899 F.3d at 1002 (citing with approval case in which court "incorporat[ed] employee health plan where the claims were premised upon plaintiff's coverage under the plan"); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine . . . to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the

4

complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.

As previously discussed, Defendant submits three exhibits in support of its motion to dismiss; however, Defendant's motion relies on only one in support of dismissal—the 2017 Sale Agreement, which purportedly contains a general release of all claims against Defendant. (*See* Dkt. No. 26 at 3.) Defendant's reply asserts that the "Distributor Agreement and [the 2017 Sale Agreement] are unquestionably dependent on one another," and the Court is required to consider all three exhibits under the incorporation-by-reference doctrine because the complaint "directly quotes from the Distributor Agreement." (Dkt. No. 33 at 7.) The Court disagrees. Even assuming that the Distributor Agreement is incorporated by reference because it is directly quoted and referenced in the complaint, (*see* Dkt. No. 24 at ¶¶ 19-20), incorporation by reference of the 2017 Sale Agreement for purposes of the instant motion is improper because Plaintiff reasonably disputes the relevance of all documents and asserts that they do not "'form[ ] the basis of [her] claim.'" (*See* Dkt. No. 32 at 6 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).) The Court agrees.

First, none of the proffered documents are "central" to Plaintiff's individual wage-and-hour claims because her claims are premised on a misclassification theory under California's Labor Code and are not reliant on the terms of any of the agreements. As the Ninth Circuit explained in a case involving delivery drivers' claims under the California Labor Code premised on a misclassification theory:

> The Drivers' claims involve entitlement to benefits under the California Labor Code. Whether the Drivers are entitled to those benefits depends on whether they are employees of [the defendant], which in turn depends on the definition that the otherwise governing law—not the parties—gives to the term "employee." While the contracts will likely be used as evidence to prove or disprove the statutory claims, the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract.

*Narayan v. EGL, Inc.*, 616 F.3d 895, 899 (9th Cir. 2010) (finding a contract's choice-of-law

1    provision irrelevant to determination of whether plaintiffs were misclassified as independent

2    contractors). In other words, the key question in this case—whether Plaintiff is an "employee"—

3    does not turn on the terms of an agreement between the parties because Plaintiff's statutory claims

4    based on a misclassification theory exist independent of any agreement. Thus, the proffered

5    exhibits are not central to Plaintiff's individual wage-and-hour claims because her claims do not

6    necessarily rely on the Distributor Agreement or any other agreement between E&K and

7    Defendant.

8          Defendant's reply asserts that "[c]ourts have found releases to be 'integral' parts of a

9    plaintiff's claims, regardless of whether the release is specifically referenced in the complaint, on

10   the rationale that the plaintiff would have no viable claims if the release was deemed valid." (Dkt.

11   No. 33 at 8 (citing *Advanced Cleanup Techs., Inc. v. BP Am. Inc.*, No. 2:14-cv-09033-CAS

12   (AJWx), 2015 WL 13841820 (C.D. Cal. Oct. 9, 2015); *Young v. AmeriGas Propane, Inc.*, No. 14-

13   cv-00583-BAS(RBB), 2014 WL 5092878 (S.D. Cal. Oct. 9, 2014); *Birdsong v. AT&T Corp.*, No.

14   C12-6175 THE, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013)).). The Court is not persuaded.

15   The *Advanced Cleanup Techs., Inc.* court did not address whether judicial notice or incorporation

16   by reference of the settlement agreement was appropriate, thus there is no reasoning that could be

17   persuasive. And the Court disagrees with the reasoning underlying the *Birdsong* and *Young*

18   courts' determinations that releases contained in the plaintiffs' employee severance agreements

19   were incorporated by reference because they were "integral" to the complaints. *See Young*, 2014

20   WL 5092878, at *3; *Birdsong*, 2013 WL 1120783, at *2. These courts reasoned that because the

21   extrinsic release would bar the plaintiffs' claims, the release documents were integral. But that

22   reasoning is not supported by Ninth Circuit law and would apply to any document a defendant

23   asserts in defense, obliterating the general rule that courts may not consider material outside the

24   pleadings when evaluating the sufficiency of a complaint. *See Khoja*, 899 F.3d at 998.

25         Second, even considering the Distributor Agreement as incorporated by reference because

26   it is quoted in one paragraph of the complaint and referenced in another, *see Khoja*, 899 F.3d at

27   1002 (noting incorporation by reference is proper "if the plaintiff refers extensively to the

28   document") (internal quotation marks and citation omitted), the complaint does *not* reference the

subsequent 2017 Sale Agreement that contains the purported release upon which Defendant's motion to dismiss relies, (*see generally* Dkt. No. 24). Defendant argues that "the Distributor Agreement and [2017 Sale Agreement] are unquestionably dependent upon one another," such that the latter "is also properly before the Court under *Coto Settlement* and *Khoja*." (Dkt. No. 33 at 7.) However, neither *Coto Settlement* nor *Khoja* supports Defendant's argument.

The court in *Coto Settlement* determined that a billing agreement "not explicitly refer[ed]" to in the complaint was "integral" to the plaintiff's claims because the complaint's allegations raised an issue that required consideration of the billing agreement. *See* 593 F.3d at 1038. Not so here. As previously discussed, although the complaint quotes from the Distributor Agreement, that agreement is not integral to determining whether Plaintiff was misclassified as an independent contractor. It follows that the 2017 Sale Agreement, which is *not* referenced in the complaint, is likewise not integral to Plaintiff's claims. Further, nothing in *Coto Settlement* suggests that a subsequent agreement relating to a previous agreement is incorporated by reference because the latter is referenced in a complaint; particularly where the complaint does not necessarily rely on the former.

Similarly, the *Khoja* court merely reiterated that incorporation by reference is proper for documents that are not explicitly referenced in a complaint but upon which the complaint necessarily relies. *See* 899 F.3d at 1002-03. Again, Plaintiff's complaint does not necessarily depend on the 2017 Sale Agreement. Instead, "the document merely creates a defense to the well-pled allegations in the complaint"; thus, "that document did not necessarily form the basis of the complaint." *See id.* at 1002.

Accordingly, the Court denies Defendant's request for judicial notice and concludes that the 2017 Sale Agreement is not incorporated by reference in the complaint. Defendant is of course free to submit the material in support of summary judgment or at trial.

**DISCUSSION**

A motion to dismiss under Rule 12(b)(6) challenges he sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering Rule 12(b)(6) motions, courts "must

accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (internal quotation marks and citation omitted).  However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Defendant argues that dismissal is warranted solely on the grounds that Plaintiff's wage-and-hour claims are barred under the 2017 Sale Agreement, whereby Plaintiff, on behalf of E&K, "released and forever discharged S-L Distribution from any and all 'rights, interest, claims, demands, liabilities, causes of action and expenses,' both known and unknown at the time of execution."  (Dkt. No. 26 at 3.)  Defendant does not argue that Plaintiff otherwise fails to state a claim for the alleged wage-and-hour violations.  Because judicial notice of the 2017 Sale Agreement is not appropriate and the document is not incorporated by reference in the complaint, Defendant's motion fails.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion.  The case management conference scheduled for June 18, 2020 remains on calendar.

This Order disposes of Docket No. 26.

**IT IS SO ORDERED.**

Dated: June 3, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge